# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| STUART BARTEK, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL FINANCIAL, INC.,<br><br>　　Defendant. | Case No. _____<br>FLSA Collective Action<br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.	Stuart Bartek brings this lawsuit to recover unpaid overtime wages and other damages owed by Fidelity National Financial, Inc. ("Fidelity").

2.	Bartek worked for Fidelity as a Systems Administrator.

3.	Bartek and other Systems Administrator for Fidelity regularly worked in excess of 40 hours in a week.

4.	But Fidelity did not pay Bartek and the other Systems Administrators overtime when they worked in excess of 40 hours in a week, as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

5.	Instead, Fidelity improperly classified Bartek and the other underwriters as exempt employees and paid them a salary with no overtime compensation.

6.	This action seeks to recover the unpaid overtime wages and other damages owed by Fidelity to these workers.

7.      To add insult to injury, before filing this lawsuit, Fidelity terminated Bartek for raising concerns regarding his rights under the FLSA.

8.      Bartek's formal or informal investigation of his rights under the FLSA—regardless of whether he is ultimately found correct—is a protected activity under the FLSA.

9.      Fidelity's termination of Bartek for raising legal concerns about his rights under the law violates the anti-retaliation provisions of the FLSA.

## JURISDICTION AND VENUE

10.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because Fidelity resides in this District.

## PARTIES

12.     **Plaintiff Stuart Bartek** is a natural person.

13.     Bartek has been, at all relevant times, an employee of Fidelity.

14.     Bartek worked for Fidelity from August 2022 to July 2024.

15.     Bartek seeks to represent a collective of similarly situated employees under 29 U.S.C. § 216(b) (the "FLSA Collective"). The FLSA Collective is defined as:

> **All current and former persons employed by Fidelity National Financial, Inc. as Systems Administrators who were paid on a salary basis, any point from three years prior to the date this Complaint is filed until judgment is entered.**

16.     Throughout this Complaint, the FLSA Collective members are also referred to as the "Similarly Situated Workers."

17.     **Defendant Fidelity National Financial, Inc. ("Fidelity")** is a domestic corporation.

18.     Fidelity may be served by service upon its registered agent, **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324**, or by any other method allowed by law.

**COVERAGE UNDER THE FLSA**

19.     At all relevant times, Fidelity was an employer of Bartek within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20.     At all relevant times, Fidelity was an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21.     At all relevant times, Fidelity has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22.     During at least the last three years, Fidelity has had gross annual sales in excess of $500,000.

23.     During at least the last three years, Fidelity was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

24.     During at least the last three years, Fidelity has employed many workers, including Bartek and the FLSA Collective members, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

25.     Fidelity employs many workers, including Bartek and the FLSA Collective members, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

26.     The goods and materials handled, sold, or otherwise worked on by Bartek and other Fidelity employees and that have been moved in interstate commerce include, but are not limited to, office supplies, office equipment, telecommunications equipment, and mortgage and other financial products.

## FACTS RE WAGE CLAIMS

27.     Fidelity provides title insurance, closing and escrow services, and other ttle-related services. Fidelity, Who We Are, https://www.fnf.com/who-we-are#About%20Us (last visited Sept. 18, 2024).

28.     Bartek was a salaried employee of Fidelity.

29.     Fidelity did not pay Bartek on a fee basis.

30.     Bartek worked as a Systems Administrator for Fidelity.

31.     Bartek normally worked more than 40 hours in a week.

32.     Bartek often worked 45 hours per week, or more.

33.     Bartek reported the hours, or at least the days, he worked to Fidelity on a regular basis.

34.     The time Bartek worked for Fidelity is reflected in Fidelity's records.

35.     The days Bartek worked for Fidelity is reflected in Fidelity's records.

36.     Fidelity paid Bartek a salary for all hours worked, without any overtime pay for hours in excess of 40 in a week.

37.     Throughout his employment, Bartek performed non-exempt job duties as a Systems Administrator.

38.     Bartek worked within the guidelines designed by Fidelity's corporate management.

39.     Bartek was subject to policies and procedures which dictated his day-to-day activities.

40.     The work Bartek performed was an essential and integral part of Fidelity's core business.

41.     No advanced degree is required to become a Systems Administrator.

42.     Being a Systems Administrator does not require specialized academic training as a standard prerequisite.

43.     To the extent Bartek made "decisions," such "decisions" did not require the exercise of independent discretion and judgment.

44.     Instead, Bartek applied well-established techniques and procedures and used established standards to evaluate any issues.

45.     Bartek did not set the techniques and procedures utilized to perform the job and did not set quality standards.

46.     Fidelity's Systems Administrator are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

47.     With these job duties, Bartek was clearly a non-exempt employee under the FLSA.

48.     Fidelity did not pay Bartek overtime for hours worked in excess of 40 in a single workweek.

49.     Instead, Fidelity paid Bartek a salary only.

50.     Fidelity keeps accurate records of the hours, or at least the days, its salaried employees work.

51.     Fidelity keeps accurate records of the amounts it pays to its salaried employees.

52.    Because Bartek and the Similarly Situated Workers were misclassified by Fidelity as exempt employees, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

53.    Fidelity was aware of the overtime requirements of the FLSA.

54.    Fidelity nonetheless failed to pay Systems Administrators, such as Bartek, overtime.

55.    Fidelity's failure to pay overtime to Systems Administrators was, and is, a willful violation of the FLSA.

### FACTS RE RETALIATION

56.    Prior to filing this lawsuit, on or about July 25, 2024, Bartek discussed his rights under the FLSA with a co-worker.

57.    On the same date, Bartek's co-worker informed their manager of the conversation.

58.    Bartek's manager immediately directed Bartek to report to human resources.

59.    Bartek was then terminated on the same date.

60.    Bartek was terminated as a direct result of raising concerns regarding his claims under the FLSA.

61.    If Bartek had not raised concerns regarding his rights under the FLSA, Fidelity would not have retaliated against him.

62.    If Bartek had not raised concerns regarding his rights under the FLSA, Fidelity would not have terminated him.

63.    A disagreement over the merits of concerns that an employee raises about their wage is not an excuse for an employer like Fidelity to retaliate against them. *E.g., Grove*

*v. Meltech, Inc.*, No. 8:20CV193, 2020 WL 7126554 (D. Neb. Dec. 3, 2020); *Stewart v. VSMB, LLC*, No. 1:19-CV-22593-UU, 2020 WL 4501937, at *2 (S.D. Fla. June 29, 2020); *Darveau v. Detecon, Inc.*, 515 F.3d 334, 341 (4th Cir. 2008).

64.     Employers like Fidelity should not, and may not, retaliate against an employee such as Bartek because they report, raise concerns, or file a claim for fair pay. 29 U.S.C. § 215(a)(3).

## COLLECTIVE ACTION ALLEGATIONS

65.     Numerous individuals were victimized by Fidelity's patterns, practices, and policies, which are in willful violation of the FLSA.

66.     Based on his experiences and tenure with Fidelity, Bartek is aware that Fidelity's illegal practices were imposed on the FLSA Collective.

67.     The FLSA Collective members were all paid a salary without any overtime.

68.     These employees are victims of Fidelity's unlawful compensation practices and are similarly situated to Bartek in terms of job duties, pay provisions, and employment practices at issue.

69.     The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

70.     Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

71.     Fidelity's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

72.    The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### CAUSE OF ACTION–WAGE VIOLATIONS OF THE FLSA AS TO BARTEK AND THE FLSA COLLECTIVE

73.    Bartek incorporates all allegations in paragraphs 1 through 72.

74.    By failing to pay Bartek and the FLSA Collective members overtime at 1.5 times their regular rates, Fidelity violated the FLSA. 29 U.S.C. § 207(a).

75.    Fidelity owes Bartek and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

76.    Fidelity owes Bartek and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

77.    Fidelity knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay overtime compensation to Bartek and the FLSA Collective members.

78.    Because Fidelity knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Fidelity owes these wages for at least the past three years.

79.    Fidelity's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

80.    Because Fidelity's decision not to pay overtime was not made in good faith, Fidelity also owes Bartek and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

81.     Bartek and the FLSA Collective members are entitled to their unpaid wages under the FLSA, including overtime wages in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

**SECOND CAUSE OF ACTION—UNLAWFUL RETALIATION UNDER THE FLSA
AS TO BARTEK**

82.     Bartek incorporates all allegations in paragraphs 1 through 72.

83.     The FLSA provides a cause of action for retaliation for an employer who discriminates in any way against an employee for exercising their legal rights under the FLSA. 29 U.S.C. § 215(a)(3).

84.     Fidelity retaliated against Bartek for raising concerns regarding his rights under the FLSA.

85.     Fidelity's retaliatory actions subjected Bartek to unfair and illegal treatment.

86.     Fidelity's actions in response to Bartek's concerns were undertaken with a retaliatory motive.

87.     Fidelity's retaliatory actions would deter a reasonable person from engaging in activity protected by the FLSA.

88.     Fidelity knew, or showed reckless disregard for whether, its actions in retaliating against Bartek were in violation of the FLSA.

89.     Fidelity's retaliatory actions have caused Bartek to suffer damages, including lost wages, emotional distress, and additional attorneys' fees, costs, and expenses.

90.     Bartek is entitled to all damages and remedies allowed under the anti-retaliation provision of the FLSA, including without limitation employment, reinstatement, promotion, lost wages, liquidated damages, emotional distress damages, and attorneys' fees, costs, and expenses. 29 U.S.C. § 216(b).

**RELIEF SOUGHT**

Bartek prays for judgment against Fidelity as follows:

a.      For an order certifying a collective action for the FLSA claims;

b.      For an order finding Fidelity liable for violations of federal wage laws with respect to Bartek and the FLSA Collective members;

c.      For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Bartek and the FLSA Collective members;

d.      For a judgment awarding attorneys' fees to Bartek and the FLSA Collective members;

e.      For a judgment awarding costs of this action to Bartek the FLSA Collective members;

f.      For a judgment awarding Bartek all legal and equitable relief for Fidelity's retaliation, including without limitation, employment, reinstatement, promotion, lost wages, liquidated damages, penalties, and emotional distress damages;

g.      For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Bartek and the FLSA Collective members; and

h.      For all such other and further relief as may be necessary and appropriate.

**JACOBS & CRUMPLAR, P.A.**

  /s/ Patrick C. Gallagher
Patrick C. Gallagher, Esq. (DE 5170)
10 Corporate Circle, Suite 301
New Castle, DE  19720
(t) (302) 656-5445
(f) (302) 656-5875
pat@jcdelaw.com

DATE:  October 9, 2024                      *Attorney for Plaintiffs*

**OF COUNSEL:**                     Matthew S. Parmet, Esq. (TX 24069719)
                                    (*seeking admission pro hac vice*)
                                    PARMET PC
                                    2 Greenway Plaza, Suite 250
                                    Houston, TX  77046
                                    phone  713 999 5200
                                    matt@parmet.law
                                    *Admitted Pro Hac Vice*

- 11 -